UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: THE MATTER OF LA CARRIERS, LLC AS OWNER AND OPERATOR OF THE M/V KAREN KOBY, PETITIONING FOR EXONERATION FROM OR LIMITATION OF LIABILITY | CIVIL ACTION NO.: <br><br> SECTION: <br><br> JUDGE: <br><br> MAGISTRATE JUDGE: <br><br> ADMIRALTY - Rule 9(h) |

**COMPLAINT FOR EXONERATION FROM
OR LIMITATION OF LIABILITY**

**NOW INTO COURT**, through undersigned counsel, comes LA Carriers, LLC (hereinafter "LA Carriers" or "Limitation Petitioner"), as owner and operator of the M/V KAREN KOBY, her engines, tackle, gear, furnishings, appurtenances, etc. (hereinafter "the Vessel"), and files this Complaint for Exoneration from or Limitation of Liability pursuant to 46 U.S.C. § 30511, and respectfully avers upon information and belief as follows:

**JURISDICTION AND VENUE**

1.

This is an action for exoneration from or limitation of liability, civil and maritime, under the purview of 46 U.S.C. §§ 30501, *et seq.* (the "Limitation Act"), and an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. This action is governed by Rule F of the Supplemental Rules for Admiralty or Maritime Claims of the Federal Rules of Civil Procedure. This Honorable Court has jurisdiction over this action by virtue of the Limitation Act and by virtue of 28 U.S.C. § 1333.

#100515778v1

2.

The Vessel has not been attached or arrested to answer for any claim with respect to which Limitation Petitioner seeks exoneration from or limitation of liability through these proceedings. The Vessel has its home port in Larose, Louisiana, and can be found in the Eastern District of Louisiana.  Venue is proper in the United States District Court for the Eastern District of Louisiana, pursuant to Rule F(9) of the Supplemental Rules for Certain Admiralty and Maritime Claims.

## LIMITATION PETITIONER

3.

At all times pertinent hereto, Limitation Petitioner, LA Carriers, LLC, (hereinafter "LA Carriers" or "Limitation Petitioner") was and is a limited liability company organized and existing pursuant to the laws of the State of Louisiana. Limitation Petitioner is authorized to do and doing business within the jurisdiction of this Honorable Court and the state of Louisiana.

4.

At all material times, LA Carriers was and still is the sole record owner of the Vessel.

## THE VESSEL

5.

The M/V KAREN KOBY (hereinafter sometimes referred to as "KAREN KOBY"), Official No. 1230122, is a steel hawser tug measuring ninety-eight and six/tenths (98.6) feet in length, twenty-nine (29) feet in beam, and twelve and two/tenths (12.2) feet in depth.  The Vessel is ABS classed and was built in 2011.  The Vessel primarily operates as a towing vessel.

6.

At all times during and prior to the voyage hereinafter described, LA Carriers exercised due diligence to make the Vessel seaworthy in all respects. At all times hereinafter described, the Vessel was in fact tight, staunch, strong, fully and properly equipped and manned, well and sufficiently fitted with suitable machinery, gear, tackle, apparel, and appliances, and in all respects seaworthy and fit and proper for the service in which the Vessel was engaged.

### FACTUAL BACKGROUND

7.

At all material times, LA Carriers was and is a marine transportation services company which provides inland and offshore towing services.

8.

On or about June 12, 2022, Rigid Constructors, LLC ("Rigid") contacted LA Carriers to tow a crane barge, the D/B AMBITION ("AMBITION"), from the Devall Fleet on the Calcasieu River, near Hackberry, Louisiana, to the Stone Oil fuel dock on the Calcasieu River near Cameron, Louisiana, and then to a job site located on the Mississippi River near Myrtle Grove, Louisiana. The AMBITION is made up of two regulation deck barges, The GD 962 and the GD 983, which Rigid caused to be joined together in 2020, with the GD 962 on the port side and the GD 983 on the starboard side. The GD 962 was built in 1998 and the GD 983 was built in 1995. Both the GD 962 and the GD 983 are approximately 195 feet in length, approximately 35 feet in breadth and approximately 10 feet in depth. The AMBITION was approximately 195 feet in length, approximately 70 feet in breadth, and approximately 10 feet in depth. Rigid owns the AMBITION.

9.

In response to Rigid's request for towing services on or about June 12, 2022, LA Carriers dispatched the KAREN KOBY to tow the AMBITION from the Devall Fleet to the locations directed by Rigid.

10.

On or about June 14, 2022, Rigid sent a crew of four employees to the Devall Fleet to lift the spuds on the AMBITION and to prepare the AMBITION for towing by the KAREN KOBY.

11.

On June 14, 2022, the KAREN KOBY arrived at the Devall Fleet in accordance with Rigid's request for towing services.  On June 14, 2022, the KAREN KOBY left the Devall Fleet, with the AMBITION in her tow, and towed the AMBITION to the Stone Oil fuel dock as directed by Rigid.

12.

The KAREN KOBY, with the AMBITION in her tow, arrived at the Stone Oil fuel dock on June 14, 2022.  The crew of Rigid employees traveled separately to the Stone Oil fuel dock and met the KAREN KOBY, with the AMBITION in her tow, at the Stone Oil fuel dock, in order to, among other things, fuel and ballast the AMBITION and further prepare the AMBITION for towing by the KAREN KOBY.

13.

Upon information and belief, the AMBITION was not seaworthy and was not reasonably fit for the towing services Rigid requested due to hidden conditions that Rigid did not disclose to LA Carriers, which caused the sinking of the AMBITION.  The unseaworthiness of the

AMBITION, which caused the sinking, was not known to LA Carriers and was not disclosed to LA Carriers at any time prior to the sinking.  The Rigid employees failed to properly prepare the KAREN KOBY for towing.  The KAREN KOBY departed the Stone Oil fuel dock on June 14, 2022, with the AMBITION in her tow, to tow the AMBITION to a jobsite in the Mississippi River near Myrtle Grove.  Rigid knew of the unseaworthy conditions of the AMBITION, did not disclose the unseaworthy conditions to LA Carriers and allowed the AMBITION to be towed in an unseaworthy condition.

14.

On June 15, 2022, while enroute to the jobsite on the Mississippi River near Myrtle Grove, the KAREN KOBY towed the AMBITION in the Gulf of Mexico.  On June 15, 2022, at approximately 0400 hours, the Captain and crew of the KAREN KOBY observed that the AMBITION was listing to her port side.  Shortly thereafter, the AMBITION sank in the Gulf of Mexico.

15.

The sinking of the AMBITION was caused by hidden unseaworthy conditions of the AMBITION that Rigid did not disclose to LA Carriers.  The sinking of the AMBITION was not caused by any fault, neglect, negligence, or breach of duty or lack of care on the part of LA Carriers.

16.

LA Carriers hereby seeks exoneration from and/or limitation of liability for the sinking of the AMBITION, described herein, occurring on or about June 15, 2022, at or about 0400 hrs., (hereinafter "the Incident").

## EXONERATION AND/OR LIMITATION OF LIABILITY

17.

The Incident, and any losses, and/or damages allegedly resulting therefrom, were not caused or contributed to by any fault, neglect, negligence, or lack of due care on the part of LA Carriers, its agents, servants, employees, or any other persons for whom LA Carriers might be responsible, or by any unseaworthiness of the Vessel.

18.

As of the date of this filing, except for claims of Rigid, LA Carriers is unaware of any demands, suits, petitions, unsatisfied claims of liens, or liens filed against LA Carriers or the Vessel in connection with the Incident made the subject of this Complaint.

19.

LA Carriers is entitled to exoneration and/or limitation under the circumstances.

20.

The Incident and any physical damages, injuries, and contingent losses, and all other losses, damages, expenses, and costs resulting therefrom, were caused and occurred without the privity or knowledge of LA Carriers.

#100515778v1

21.

LA Carriers has a reasonable basis upon which to believe it is possible that claims will be asserted and prosecuted against it in amounts exceeding the value of the Vessel and her then pending freight.

22.

The fair market value of the Limitation Petitioner's interest in the KAREN KOBY at the time of the incident was $4,720,000.00 and her then pending freight amounted to $52,785.00. Accordingly, the total value of Limitation Petitioner's interest in the KAREN KOBY, and her pending freight is $4,772,785.00.  (*See* Declaration of Value Pursuant To 28 U.S.C. § 1746 attached hereto as **Exhibit 1**).

23.

LA Carriers avers that because the aforementioned Incident and the alleged losses, damages and/or injuries allegedly related thereto were not caused or contributed to by any fault, neglect, negligence or lack of due care on the part of LA Carriers or its agents, servants, employees, or any other persons for whom LA Carriers might be responsible, or by any unseaworthiness of the Vessel, LA Carriers is entitled to and hereby claims exoneration from liability for any and all alleged injuries, losses or damages allegedly occurring as a result of the aforesaid Incident, as well as any and all claims related to the Incident that have yet to be asserted. LA Carriers avers that it has valid and complete defenses on the facts and on the law.

24.

Although LA Carriers denies any liability to any party, and although LA Carriers does not know the extent, nature or total amount of all claims which may be made for loss or damage arising

out of the Incident described above, LA Carriers anticipates and believes that suits and claims will be asserted and prosecuted against LA Carriers in amounts exceeding the value of the Vessel at the conclusion of the voyage during which the aforementioned Incident took place.

25.

As such, without admitting but affirmatively denying all liability, and strictly in the alternative to its claim for exoneration from all liability, losses, damages and/or injuries allegedly occasioned by or resulting from the aforesaid Incident, or allegedly done, occasioned, or incurred on the subject voyage, LA Carriers alleges and avers that if LA Carriers should be held responsible to any person, entity or other party by reason of any fault attributed to LA Carriers, its agents, servants, employees, or others for whom LA Carriers could be held responsible, or to the Vessel, in connection with the above-described Incident, then LA Carriers is entitled to and claims the benefit of limitation of liability as provided in the Limitation of Liability Act, 46 U.S.C. §§ 30501, *et seq.*, and all laws supplementary thereto and amendatory thereof, and all other applicable law and jurisprudence, to limit its liability to $4,772,785.00 U.S. DOLLARS, the value of LA Carriers' interest in the Vessel and her then pending freight immediately before and after the Incident.

26.

Should it later appear that Limitation Petitioner is or may be liable and that the amount or value of its interest in the Vessel and her pending freight, as aforesaid, is not sufficient to pay all losses in full, then all claimants shall be made to share *pro rata* in the aforesaid sum, saving to all such claimants any rights of priority they may have as ordered by this Honorable Court, or as provided by the aforesaid statutes, by the Federal Rules of Civil Procedure, the General Maritime Law, and by the rules and practices of this Honorable Court.

27.

LA Carriers reserves the right to plead all applicable affirmative defenses, claims, cross-claims and counterclaims against any claimant, including but not limited to the right to plead set off, the right to plead comparative fault, the right to plead compromise and settlement, the right to plead that the incident was unavoidable by LA Carriers, the right to plead the Act of God defense, the right to plead that the Incident resulted from violations of law or permits by other parties or particular claimants, the right to plead that particular claimants have no right to pursue claims for the alleged unseaworthiness of the Vessel, and the right to file cross-claims and/or third-party actions for damages or for indemnity or contribution against all persons and entities that may be legally responsible for the Incident described herein.

28.

LA Carriers has filed contemporaneously herewith a limitation bond, in appropriate form, (attached hereto as Exhibit 2), issued by U.S. Specialty Insurance Company, as security for the amount or value of the combined total of LA Carriers' interest in the Vessel, together with costs and interest at the rate of 6% per annum from date of said Limitation Bond, and in addition thereto, LA Carriers is prepared to give security for any additional amount in excess of the Limitation Bond, as may be ascertained and determined to be necessary under orders of this Court, and as provided by the laws of the United States, the Federal Rules of Civil Procedure, and the Supplemental Rules for Certain Admiralty and Maritime Claims.

29.

All and singular, the premises are true and correct and within the admiralty and maritime jurisdiction of the United States and of this Honorable Court as an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

**WHEREFORE, PREMISES CONSIDERED**, Limitation Petitioner, LA Carriers, LLC respectfully requests and prays:

1. That this Honorable Court enter an order accepting and approving the Limitation Bond filed by LA Carriers, LLC in the amount of $4,772,785.00 U.S. Dollars, together with costs and 6% per annum interest from the date of the Limitation bond, as security for the amount of LA Carriers, LLC's interest in the Vessel immediately before and after the incident;

2. That this Honorable Court issue a monition and notice to all persons, firms, corporations or other entities asserting any claims for any and all alleged losses, damages or injuries with respect to which LA Carriers, LLC seeks exoneration from or limitation of liability, admonishing them to file their respective claims with the Clerk of Court and to serve on the attorneys for LA Carriers, LLC, a copy thereof on or before the date specified in the notice, or be forever barred and permanently enjoined from making and filing any claims with respect to the Incidents described more fully herein;

3. That this Honorable Court issue an injunction restraining the commencement or prosecution of any action or proceeding of any kind against LA Carriers, LLC, its agents, representatives, employees, or any of its property, including but not limited to the M/V KAREN KOBY, whether *in personam*, by attachment, or *in rem*, for any losses, damages, and/or injuries

allegedly arising out of the Incident described in this Complaint, or allegedly occurring during the subject voyage described in this Complaint;

4. That if any claimant who shall have filed a claim shall also file an exception bringing forward evidence to controvert the value of the Vessel, as alleged herein, this Court shall cause due appraisement to be had of the value of the Vessel following the Incident and of the value of LA Carriers, LLC's interest therein, following which event this Court shall, if necessary, enter an Order for filing of an amended Limitation Bond or other appropriate security for the aggregate value, as so determined, of LA Carriers, LLC's interest in said Vessel;

5. That this Honorable Court adjudge that LA Carriers, LLC, its agents, representatives, employees, or any of its property, including but not limited to the M/V KAREN KOBY, are not liable to any extent whatsoever for any losses, damages and/or injuries or for any claims therefor, in any way arising from or in consequence of the subject voyage, or in consequence of otherwise connected with the matters and happenings referred to in this Complaint;

6. Or, strictly in the alternative, if this Court should adjudge that LA Carriers, LLC, its agents, representatives, employees, or any of its property, including, but not limited to the M/V KAREN KOBY are liable in any amounts whatsoever, that the Court should then adjudge that said liability shall be limited to $4,772,785.00 U.S. DOLLARS, the value of LA Carriers, LLC's interest in the Vessel immediately after the Incident, and its then pending freight, said amount to be divided *pro rata* among all claimants; and that a judgment be entered discharging LA Carriers, LLC, its agents, representatives, employees or any of its property, including but not limited to the M/V KAREN KOBY of and from any and all further liability and forever enjoining and prohibiting the filing and prosecution of any claims against LA Carriers, LLC, its agents, representatives,

employees, or any of its property, including, but not limited to the M/V KAREN KOBY, in any way arising from or in consequence of the subject Incident or Voyage, or in consequence of or in connection with the matters and happenings referred to in this Complaint; and

7. That LA Carriers, LLC have such other and further relief as in law and justice it may be entitled to receive.

Respectfully submitted,

*/s/ Jefferson R. Tillery*
JEFFERSON R. TILLERY (La. Bar No. 17831)
WAYNE G. ZERINGUE, JR. (La. Bar No. 18516)
SARA B. KUEBEL (La. Bar No. 38305)
**JONES WALKER, LLP**
201 St. Charles Avenue – Suite 5100
New Orleans, Louisiana 70170-5100
Telephone:  (504) 582-8616
Facsimile:  (504) 589-8616
E-Mail:  jtillery@joneswalker.com
         wzeringue@joneswalker.com
         skuebel@joneswalker.com

*Attorneys for Limitation Petitioner,*
**LA Carriers,** *LLC*