UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: THE MATTER OF | * | CIVIL ACTION NO. 22-4987 |
| LA CARRIERS, LLC AS OWNER AND | * | |
| OPERATOR OF THE M/V KAREN KOBY, | * | JUDGE LANCE M. AFRICK |
| PETITIONING FOR EXONERATION FROM | * | |
| OR LIMITATION OF LIABILITY | * | MAGISTRATE KAREN WELLS ROBY |

* * * * * * * * * * * * * * * * * * * * * * * * * *

## SAFE HARBOR POLLUTION INSURANCE COMPANY'S ANSWER AND CLAIM

**NOW COMES** Safe Harbor Pollution Insurance Company ("Safe Harbor"), who in response to the *Complaint for Exoneration from or Limitation of Liability* filed by LA Carriers, LLC asserts the following Answer and Claim.

## FIRST DEFENSE

The allegations of the Complaint fail to state a claim upon which relief can be granted.

## ANSWER

### I.

Article 1 does not state any factual allegations which require a response.  To the extent a response is necessary, the allegations of Article 1 are denied.

### II.

The allegations of Article 2 are denied for lack of information sufficient to form a considerable belief therein.

### III.

The allegations of Article 3 are denied for lack of information sufficient to form a considerable belief therein.

IV.

The allegations of Article 4 are denied for lack of information sufficient to form a considerable belief therein.

V.

The allegations of Article 5 are denied for lack of information sufficient to form a considerable belief therein.

VI.

The allegations of Article 6 are denied.

VII.

The allegations of Article 7 are denied for lack of information sufficient to form a considerable belief therein.

VIII.

The allegations of Article 8 are denied.

IX.

The allegations of Article 9 are denied for lack of information sufficient to form a considerable belief therein.

X.

The allegations of Article 10 are denied for lack of information sufficient to form a considerable belief therein.

XI.

The allegations of Article 11 are denied for lack of information sufficient to form a considerable belief therein.

XII.

The allegations of Article 12 are denied for lack of information sufficient to form a considerable belief therein.

XIII.

The allegations of Article 13 are denied.

XIV.

The allegations of Article 14 are denied except to admit that the AMBITION sank in the Gulf of Mexico while in the tow of the M/V KAREN KOBY.

XV.

The allegations of Article 15 are denied for lack of information sufficient to form a considerable belief therein.

XVI.

Article 16 does not contain any factual allegations which require a response.  To the extent a response is required, the allegations of Article 16 are denied.

XVII.

The allegations of Article 17 are denied.

XVIII.

Article 18 does not contain any factual allegations which require a response.  To the extent a response is required, the allegations of Article 18 are denied.

XIX.

The allegations of Article 19 are denied.

XX.

The allegations of Article 20 are denied.

## XXI.

The allegations of Article 21 are denied.

## XXII.

The allegations of Article 22 are denied.

## XXIII.

The allegations of Article 23 are denied for lack of information sufficient to form a considerable belief therein.

## XXIV.

The allegations of Article 24 are denied for lack of information sufficient to form a considerable belief therein.

## XXV.

Article 25 does not contain any factual allegations which require a response.  To the extent a response is required, the allegations of Article 25 are denied.

## XXVI.

Article 26 does not contain any factual allegations which require a response.  To the extent a response is required, the allegations of Article 26 are denied.

## XXVII.

Article 27 does not contain any factual allegations which require a response.  To the extent a response is required, the allegations of Article 27 are denied.

## XXVIII.

Article 28 does not contain any factual allegations which require a response.  To the extent a response is required, the allegations of Article 28 are denied.

XXIX.

Article 29 does not contain any factual allegations which require a response.  To the extent a response is required, the allegations of Article 29 are denied.

**<u>SECOND DEFENSE</u>**

Petitioners are not entitled to limit their liability because their fault arises out of actions or inactions perpetrated in capacities other than as owner or owner *pro hac vice* of the M/V KAREN KOBY.

**<u>THIRD DEFENSE</u>**

The Limitation of Liability Act cannot apply here because LA Carriers, LLC operated the M/V KAREN KOBY in a willful, wanton, and reckless manner.

**<u>FOURTH DEFENSE</u>**

The Limitation of Liability Act cannot apply here because LA Carriers, LLC, or its owners, managing owners, owners *pro hac vice,* agents, employees, representatives and/or operators had privity or knowledge of unsafe or defective conditions that led to the incident or incidents forming the basis of this litigation.

**<u>FIFTH DEFENSE</u>**

The Limitation of Liability Act cannot apply here because the M/V KAREN KOBY was unseaworthy for, among other things, failing to properly train the crew, failing to follow safe work and operational procedures, failing to properly maintain the vessel and its appurtenances, failing to conduct an adequate inspection of the vessel and its appurtenances, failing to properly supervise the work with competent employees, failing to provide a competent crew and safe equipment, improper management of the M/V KAREN KOBY and/or its crew, and/or other failures, acts or omissions of the Petitioners and of M/V KAREN KOBY which may be shown at trial.

## SIXTH DEFENSE

The Limitation of Liability Act cannot apply here because the owner and/or owner *pro hac vice* of the M/V KAREN KOBY did not use due diligence to ensure the seaworthiness of the vessel or the competency of its crew.

## SEVENTH DEFENSE

Petitioners have failed to post adequate security for the losses arising out of the events described in the Complaint, and the Complaint should be dismissed for that reason.

## EIGHTH DEFENSE

Safe Harbor reserves the right to contest the appraised value of the M/V KAREN KOBY, its engines, apparel, appurtenances, pending freight, etc., and the adequacy of the security posted.

## NINTH DEFENSE

Safe Harbor reserves the right to supplement this answer with additional affirmative defenses as they are revealed through discovery.

## CLAIM OF SAFE HARBOR POLLUTION INSURANCE COMPANY

**AND NOW**, Safe Harbor brings its claim against LA Carriers, LLC for losses sustained as a result of the sinking of the barge AMBITION:

### I.

Safe Harbor is the pollution insurer of Rigid Constructors, the owner of the barge AMBITION.

### II.

As a result of the sinking of the barge AMBITION, Rigid Constructors was required to avoid or mitigate any potential leak or disbursement of potential contaminants, including, but limited to, hydraulic fluid from the crane aboard barge AMBITION.

III.

As part of its efforts to avoid or mitigate any potential pollution event, Rigid Constructors incurred costs of $320,291.53 for the efforts of pollution response contractors, such as Environmental Safety & Health Consultant Services, Inc.

IV.

Pursuant to the terms and conditions of its policy insuring Rigid Constructors for such exposure, Safe Harbor paid or caused to be paid these incurred costs, entitling it to seek reimbursement from LA Carriers, LLC.

V.

The need to respond to any potential pollution event was caused by the fault of LA Carriers, LLC and the crew of the M/V KAREN KOBY, particularly based upon the following acts:

1. The failure to navigate within waters that the barge AMBITION could safely traverse.

2. The failure to adequately monitor the barge AMBITION during towage.

3. The failure to develop a safe and/or appropriate towage plan for the barge AMBITION.

4. The failure to apprise itself of the actual condition of the barge AMBITION, including its capabilities to be towed in certain seas.

5. The failure to fully apprise itself of the condition of the barge AMBITION, including any potential defects which it contends the barge had at the time of towing, or which would have been observable under a reasonable inspection.

Based on these faults, LA Carriers, LLC is liable to Safe Harbor, as subrogee of Rigid Constructors, for those sums expended to prevent or minimize the effects of a potential pollution

event arising out of the sinking of the barge AMBITION, currently estimated to be approximately $320,291.53.

**WHEREFORE**, Safe Harbor Pollution Insurance Company prays that this Answer and Claim be deemed good and sufficient and that after due proceedings are had, there be judgment therein in favor of Safe Harbor Pollution Insurance Company and against LA Carriers, LLC awarding all damages, costs, expenses, or other relief which this Court deems appropriate under the premises.

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the above and foregoing pleading has been served on all counsel of record via the service method indicated below:

[   ] U.S. Mail
[   ] Facsimile
[ x ] Electronic Filing
[   ] Hand Delivery

This 5th day of January, 2023.

_____/s/ Corey P. Parenton_____

Respectfully submitted,

**STAINES, EPPLING & KENNEY**

*/s/ Corey P. Parenton*_____
JASON R. KENNEY (#29933)
COREY P. PARENTON (#32918)
MICHAEL W. MALDONADO ($39266)
3500 No. Causeway Blvd., Suite 820
Metairie, LA 70002
Telephone: 504/838-0019
Fax: 504/838-0043
*Counsel for Safe Harbor Pollution Insurance Company*