UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: THE MATTER OF<br>LA CARRIERS, LLC AS OWNERS AND<br>OPERATOR OF THE M/V KAREN KOBY,<br>PETITIONING FOR EXONERATION FROM<br>OR LIMITATION OF LIABILITY | CIVIL ACTION NO.: 2:22cv04987<br><br>JUDGE: DARRELL PAPILLION<br><br>MAGISTRATE JUDGE:<br>KAREN WELLS ROBY<br><br>ADMIRALTY – Rule 9(h) |

**MEMORANDUM IN SUPPORT OF
MOTION BY LA CARRIERS' FOR PARTIAL SUMMARY JUDGMENT
SEEKING DISMISSAL OF DAMAGES IN THE FORM OF LOSS OF USE**

Limitation Petitioner, LA Carriers, LLC ("**LA Carriers**" and/or "Limitation Petitioner") submits this Memorandum and attached Declaration in support of its Motion for Partial Summary Judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure seeking dismissal of the damages asserted by Rigid Constructors, LLC ("**Rigid**") in the form of "loss of use" of future income and opportunity as a result of the total loss of the barge AMBITION with prejudice.

LA Carriers instituted this action seeking exoneration from and/or limitation of liability for the sinking of Rigid's barge AMBITION while in tow by LA Carriers. Rigid claims entitlement to damages from LA Carriers for the total loss of the AMBITION, and seeks damages for loss of future income and opportunity. While liability and causation are disputed, it is undisputed that the AMBITION was deemed a total loss and could not be repaired or put back together. It is well-established that in the case of a total loss, the owner is not entitled to recover for loss of use. As detailed herein, Rigid's claim for loss of use should be dismissed with prejudice.

## PROCEDURAL HISTORY

LA Carriers filed the underlying and initial Complaint in this Court for Exoneration from or Limitation of Liability, a civil maritime action, pursuant to 46 U.S.C. §30511 pursuant to the admiralty and maritime federal laws.[1]

Rigid filed an Answer and Claim in response to the limitation proceeding filed by LA Carriers.[2] Rigid alleged that it is entitled to damages for the total loss of the barge AMBITION, and seeks damages for loss of future income and opportunity.[3]

This Court's Amended Scheduling Order established a September 1, 2023, deadline to file dispositive motions.[4] LA Carriers timely filed this Motion for Partial Summary Judgment and Memorandum in Support.[5]

## FACTUAL BACKGROUND

LA Carriers is a marine transportation services company which provides inland and offshore towing services.[6] LA Carriers is the owner and operator of the M/V KAREN KOBY ("KAREN KOBY'), that operates as a towing vessel.[7]

Rigid was the owner and operator of the D/B AMBITION ("AMBITION").[8] The AMBITION is made up of two deck barges, the GD 962 and the GD 983, which Rigid joined together in 2020, with the GD 962 on the port side and the GD 983 on the starboard side with an E-Crane mounted atop the two barges.[9] The AMBITION was approximately 195 in length,

---

[1] Rec. Doc. 1, filed 12/5/22
[2] Rec. Doc. 10, filed 2/6/23.
[3] Rec. Doc. 10, para. 25.
[4] Rec. Doc. 37, filed 7/31/23.
[5] Resubmission of Rec. Doc. 35.
[6] Rec. Doc. 1, para. 7.
[7] Rec. Doc. 1, para. 4-5; Rec. Doc. 10, para. 5.
[8] Rec. Doc. 10, para. 2.
[9] Rec. Doc. 1, para. 8; Rec. Doc. 10, para. 2.

approximately 70 feet in breadth.[10] The AMBITION does not carry its own means of propulsion and must be towed to locations where it is utilized.

Rigid contacted a boat broker, Patriot Marine, who contacted La Carriers to transport and tow the AMBITION, from the Devall Fleet on the Calcasieu River, near Hackberry, Louisiana, to the Stone Oil fuel dock on the Calcasieu River near Cameron, Louisiana, and then to a job site located on the Mississippi River near Myrtle Grove, Louisiana on June 12, 2022.[11]

On June 14, 2022, the KAREN KOBY departed the Stone Oil fuel dock with the AMBITION in tow while en route to a jobsite in the Mississippi River near Myrtle Grove.[12] On June 15, 2022, while in tow, the AMBITION sank in the Gulf of Mexico.[13]

The reason why the AMBITION sunk is at issue and disputed; however, the issue for the Court in this motion does not concern causation or liability. Rather, the issue in this motion is whether Rigid is legally entitled to recover damages for loss of use of the boat.

Rigid was ordered to salvage the AMBITION by the United States Coast Guard and contracted with McKinney Salvage, LLC for the salvage of the AMBITION.[14] Per Rigid's Answer, after salvage operations were completed, Rigid's salvage company, McKinney Salvage, LLC, determined that the barge was unable to be salvaged without being taken apart and constituted a total loss.[15]

Rigid contends that it "sustained and continues to sustain" damages for "loss of future income and opportunity" as a result of the total loss of the barge AMBITION.[16] Rigid contends

---

[10] Rec. Doc. 10, para. 2.
[11] Rec. Doc. 1, para. 8; Rec. Doc. 10, para. 7.
[12] Rec. Doc. 10, para. 7.
[13] Rec. Doc. 1, para. 14, Rec. Doc. 10, para. 8.
[14] Rec. Doc. 10, para. 16-18.
[15] Rec. Doc. 10, para. 18-19.
[16] Rec. Doc. 10, para. 25.

its estimated loss of future income and opportunity amount to approximately $30,000,000.00 and prayed for judgment in favor of Rigid and against La Carriers.[17]

LA Carriers submits that damages sustained by Rigid in the form of "loss of use" are not legally recoverable and should be dismissed with prejudice.

## LEGAL ANALYSIS

### A. Standard of Review

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[18] "Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which the party will bear the burden of proof at trial."[19]

A party moving for summary judgment bears the initial burden of demonstrating the basis for summary judgment and identifying those portions of the record, discovery, and any affidavits supporting the conclusion that there is no genuine issue of material fact.[20] If the moving party meets that burden, then the nonmoving party must use evidence cognizable under Federal Rules of Civil Procedure ("FRCP") Rule 56 to demonstrate the existence of a genuine issue of material fact.[21]

---

[17] Rec. Doc. 10, para. 25.
[18] *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986) (citing Fed. R. Civ. P. 56(c)).
[19] *Id.*
[20] *Id.* at 323.
[21] *Id.* at 324.

**B. LOST PROFITS OR LOSS OF USE OF A VESSEL ARE NOT RECOVERABLE WHEN A VESSEL IS DEEMED A TOTAL LOSS.**

The general rule under maritime law is that when a vessel is damaged in a collision or other marine casualty, the amount of recovery depends on whether it is deemed a total loss or whether its partial damage justifies repairs.[22] If it is a total or constructive total loss, the vessel's market value before the loss is the "ceiling of recovery."[23] This rule has been consistently followed by the Fifth Circuit in the nearly 110 years since the United States Supreme Court decided *The Umbria* and held that lost profits or loss of use of the vessel are not recoverable damages in situations where the vessel is a total loss.[24]

The Fifth Circuit has consistently upheld the well-established maritime rule "that in a case of a total loss, the owner is not compensated for the loss of use of the boat."[25] The rationale for the rule is that the claimant whose vessel is a total loss is made whole, assuming liability is established, by receiving the value of the vessel and interest, which serves to compensate the owner for future losses.[26] The rule likewise precludes recovery of the cost for obtaining a substitute or replacement vessel in the case of a total loss.[27] Courts have ruled that future profits are too speculative to be the basis for a judgment.

In *King Fisher Marine Service, Inc. v. NP Sunbonnet*, 724 F.2d 1181, 1187 (5th Cir. 1984), the Fifth Circuit affirmed the Eastern District's refusal to award damages to the vessel owner for

---

[22] *Gaines Towing and Transp., Inc. v. Atlantia Tanker Corp.*, 191 F.3d 633, 635 (5th Cir. 1999) (per curiam).
[23] *Id*.
[24] 166 U.S. 404, 17 S.Ct. 610, 41 L.Ed. 1053 (1897).
[25] *E.I. Dupont v. Robin Hood Shifting & Fleeting Serv. Inc.*, 899 F.2d. 377, 382 (5th Cir. 1990).
[26] *City of Milwaukee v. Cement Division, National Gypsum Co.*, 515 U.S. 1, 115 S.Ct. 2091, 132 L.E.2d 148 (1995).
[27] *Albany Insurance Co. v. Bengal Marine, Inc.*, 857 F.2d 250, 253 (5th Cir. 1988).

damages in the form of "loss of use" citing to *The Umbria* for the general established rule that in a case of total loss, the owner is not compensated for loss of use of the boat.[28]

More recently, in *Fishbones v. Southern Boat*, 849 So. 2d 803, 805 (La. Ct. App. 3 Cir. 2003), an owner sought damages for the loss of a vessel after it was destroyed while being towed. On appeal the owner attempted to distinguish its case from other cases where vessels were deemed total losses, but the Third Circuit upheld the lower's court's refusal to award loss profits pursuant to the well-settled admiralty rule that a vessel owner may not recover for the contemplated profit from the use of the vessel had it not been lost in the collision citing to *The Umbria*.[29] The Court reiterated, in pertinent part:

> The generally established rule is that in a case of total loss the owner is not compensated for the loss of use of the boat. *See A S Transportation, Inc. v. Tug Fajardo,* 688 F.2d at 2; *The Umbria,* 166 U.S. 404, 422, 17 S.Ct. 610, 617, 41 L.Ed. 1053 (1897). The owner is made whole by receiving the value for the boat at the time of its loss and interest compensates for the owner's time value of money. *The President Madison,* 91 F.2d at 846.[30]

Accordingly, Rigid is not entitled to recover damages in the form of loss of use of profits of the AMBITION pursuant to well settled admiralty law.

C. **AFTER SALVAGE OPERATIONS, THE AMBITION WAS DEEMED A TOTAL LOSS**

Rigid alleges that is entitled to damages for loss of future income and opportunity in the from LA Carriers as a result of the sinking of the AMBITION.[31] However, Rigid does not dispute that after AMBITION sank in the Gulf of Mexico, it was unable to be salvaged and deemed a "total loss":[32]

---

[28] 724 F.2d 1181, 1187 (5th Cir. 1984).
[29] *Id*.
[30] *Id*.
[31] See Rec. No. 10, para. No. 19, 25.
[32] See Rec. No. 10, para. No. 19.

19.

However, the barge Ambition was deemed a constructive total loss on August 31, 2022 once it became apparent, through McKinney Salvage, LLC, that the barge was unable to be raised without being taken apart.

### D. Marine Surveyor Kyle Smith also agrees the AMBITION was a total loss

After the salvage operations were completed, LA Carriers retained marine surveyor Kyle Smith to inspect the E-Crane Barge AMBITION in the presence of all concerned parties.

Mr. Smith conducted two surveys of the barges on the deck on completion of salvage. His first inspection occurred on September 30, 2022, while moored in McDonough Fleet, Amelia, LA.[33] The second survey occurred on November 1, 2022 at Ladd Service Facility, Amelia, LA.[34]

Mr. Smith determined that neither the barge AMBITION nor the E-Crane could be not be rebuilt due to the age/waste of the barge structure and twisting/distortion that occurred to the structure during salvage operations.[35] He concluded that the AMBITION was a total loss.[36]

In the case of total loss, Rigid is not entitled to be compensated for the loss of use of the boat under maritime law. *King Fisher Marine Service, and The Umbra,* supra. Accordingly, "loss of use" damages related to the sinking of the AMBITION are not recoverable and Rigid's claim for "loss of use" damages must be dismissed with prejudice.

## CONCLUSION

The damages asserted by Rigid against LA Carriers for loss of use of the AMBITION are not recoverable under general maritime law as consistently held by the Fifth Circuit and the United

---

[33] See Kyle Smith Declaration, Exhibit A.
[34] See Kyle Smith Declaration, Exhibit A.
[35] See Kyle Smith Declaration, Exhibit A.
[36] See Kyle Smith Declaration, Exhibit A.

States Supreme Court when a vessel is deemed a total loss. It is undisputed that the AMBITION was deemed a total loss. THEREFORE, La Carriers prays that this Court grant partial Summary Judgment in its favor dismissing Rigid's claims for damages for loss of use of the AMBITION barge and e-crane with prejudice.

Respectfully submitted,

*/s/ Lexi T. Holinga*
Lexi T. Holinga, La. Bar No. 30096
lholinga@hinshawlaw.com
**HINSHAW & CULBERTSON, LLP**
400 Convention Street, Suite 1001
Baton Rouge, LA 70802
Telephone: 225-333-3244


Jefferson R Tillery, La. Bar No. 17831
jtillery@joneswalker.com
T. Patrick Baynham, La. Bar No. 16805
tpbaynham@joneswalker.com
Sara B. Kuebel, La. Bar No. 38305
skuebel@joneswalker.com
**JONES WALKER, LLP**
201 St. Charles Avenue - Suite 5100
New Orleans, Louisiana 70170-5100
Telephone: (504) 582-8616

**ATTORNEYS FOR PETITIONER, LA CARRIERS, LLC**

## CERTIFICATE OF CM/ECF SERVICE

I certify that on September 7, 2023, I electronically filed the foregoing pleading with the Clerk of Court using CM/ECF, and therefore, the foregoing pleading is being served this day on all attorneys of record via the transmission of Notices of Electronic Filing generated by CM/ECF.

*/s/ Lexi T. Holinga*
Lexi T Holinga