UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: IN THE MATTER OF                          CIVIL ACTION
LA CARRIERS, LLC
AS OWNER AND OPERATOR                            NO. 22-4987
OF THE M/V KAREN KOBY
                                                 SECTION: "P" (4)

## ORDER AND REASONS

Before the Court are a Motion for Partial Summary Judgment (R. Doc. 41) filed on behalf of Limitation Petitioner, LA Carriers, LLC ("LA Carriers"), and a Motion to Strike (R. Doc. 50) filed on behalf of Limitation Claimant, Rigid Constructors, LLC ("Rigid"). Having considered these motions, the memoranda and exhibits and materials submitted in support and opposition thereof, the Court denied both motions on November 30, 2023, and advised that these written reasons would follow.[1]

## BACKGROUND

This litigation arises out of the sinking of Rigid's barge, the D/B AMBITION ("AMBITION"), while in tow by LA Carriers' tugboat, the M/V KAREN KOBY ("KAREN KOBY"), on June 15, 2022. LA Carriers filed the underlying Complaint for Exoneration from or Limitation of Liability, pursuant to 46 U.S.C. § 30511.[2] Rigid filed an Answer and Claim in response to LA Carriers' limitation proceeding, and argues it is entitled to damages for the total loss of the AMBITION, as well as damages for loss of future income and opportunity.[3]

On June 14, 2022, the KAREN KOBY, with the barge AMBITION in tow, departed the Stone Oil fuel dock on the Calcasieu River for a jobsite on the Mississippi River. The following

---

[1] R. Doc. 70.
[2] R. Doc. 1.
[3] R. Doc. 10.

day, on June 15, 2022, while in tow, the AMBITION sank in the Gulf of Mexico. Rigid contends it "sustained and continues to sustain" damages for "loss of future income and opportunity" as a result of the loss of the AMBITION.[4]

On September 7, 2023, LA Carriers filed its motion for partial summary judgment, arguing Rigid is not entitled recover damages for loss of the use of the AMBITION. [5] In opposition to LA Carriers' motion, Rigid produced an affidavit from Jeffrey Mizzi, President of Rigid's Marine Division, in which Mizzi maintains the AMBITION was a custom-fabricated and highly specialized vessel. [6] LA Carriers countered Mizzi's affidavit with the affidavit of Kyle Smith, a certified marine surveyor with 35 years of experience, who contends the AMBITION was very similar to a number of other E-Crane barges operating along the Mississippi River.[7] LA Carriers also submitted the affidavit of David Pereira, who did an assessment of the value of the AMBITION on June 14, 2022, the day it began the voyage on which it sank.[8] On October 6, 2023, in response to LA Carriers' reply memorandum and its attached affidavits, Rigid moved to strike the affidavits of Smith and Pereira.[9] The Court will now address Rigid's motion to strike, along with LA Carriers' motion for partial summary judgment.

## LAW AND ANALYSIS

Summary judgment is appropriate when the evidence shows "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[10] A fact is "material" if proof of its existence or nonexistence would affect the outcome of the lawsuit under

---

[4] *Id.* at 12.
[5] R. Doc. 41.
[6] R. Doc. 43-3.
[7] R. Doc. 49-1.
[8] R. Doc. 49-2.
[9] R. Doc. 50.
[10] FED. R. CIV. P. 56(a).

applicable law.[11] A dispute about a material fact is "genuine" if the evidence is such that a reasonable fact finder could render a verdict for the nonmoving party.[12] In evaluating a motion for summary judgment, the court "may not make credibility determinations or weigh the evidence" and "must resolve all ambiguities and draw all permissible inferences in favor of the non-moving party."[13] The party seeking summary judgment has the initial burden of showing the absence of a genuine issue of material fact by pointing out the record contains no support for the non-moving party's claim.[14] Thereafter, if the nonmovant is unable to identify anything in the record to support its claim, summary judgment is appropriate.[15]

It is well-established that federal courts generally do not review arguments raised for the first time in a reply brief or memorandum absent a showing of manifest injustice,[16] and a reply should not be a vehicle for presenting new arguments or theories to the court.[17] But, a party may attach declarations to a reply when responding to arguments raised for the first time in a party's opposition memorandum,[18] and the decision to permit or prohibit the introduction of rebuttal evidence rests in the discretion of the trial court.[19] In this instance, the Court finds LA Carriers' affidavits do not constitute "new evidence" that should be excluded. Rather, LA Carriers submitted the affidavits regarding arguments Rigid raised in its own opposition memorandum to LA Carriers' motion for summary judgment. Thus, the Court finds that to prohibit LA Carriers from using the

---

[11] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

[12] *Id.*

[13] *Total E&P USA, Inc. v. Kerr-McGee Oil & Gas Corp.*, 719 F.3d 424, 434 (5th Cir. 2013) (internal citations omitted).

[14] *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

[15] *Stahl v. Novartis Pharms. Corp.*, 283 F.3d 254, 263 (5th Cir. 2002).

[16] *In re Chinese-Manufactured Drywall Prods. Liab. Litig.*, MDL No. 2047, 2018 WL 6335781, at *5 (E.D. La. Dec. 5, 2018) (citing *Dean v. Chrysler Corp.*, 38 F.3d 568, at *3 (5th Cir. 1994)).

[17] *Id.* (citing *AAR, Inc. v. Nunez*, 408 F.App'x 828, 830 (5th Cir. 2011)).

[18] *Id.* (citing *KeyBank Nat'l Ass'n v. Perkins Rowe Assocs., LLC*, No. 09-497, 2010 WL 1945715, at *1–2 (M.D. La. May 12, 2010)).

[19] *Id.*

affidavits would, contrary to what Rigid contends, unfairly prejudice LA Carriers. As such, the Court denies Rigid's motion to strike.

The Court now turns to LA Carriers' motion for partial summary judgment. In this case, based upon the affidavits and other evidence submitted by the parties in support of and opposition to LA Carriers' motion, the Court finds a material issue of fact regarding whether the AMBITION was a specialized or custom-fabricated vessel, and the effect of this potential distinction, if any, on Rigid's claim for damages. It is possible the evidence presented at this case's forthcoming bench trial, which is now scheduled to begin in less than a week, could lead to the denial of Rigid's claims that are the subject of this motion, but drawing all permissible inferences and weighing all ambiguities in favor of the non-moving party, at this time, the Court denies the motion for partial summary judgment.

## **CONCLUSION**

For all the foregoing reasons, the Court previously **DENIED** the Motion for Partial Summary Judgment (R. Doc. 41) filed on behalf of Limitation Petitioner, LA Carriers, LLC, and the Motion to Strike (R. Doc. 50) filed on behalf of Limitation Claimant, Rigid Constructors, LLC.[20]

New Orleans, Louisiana, this 13th day of December 2023.

**DARREL JAMES PAPILLION**
**UNITED STATES DISTRICT JUDGE**

---

[20] R. Doc. 70.